# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**ANTHONY ARAGON,**

    **Plaintiff,**

**v.**                                                            **No. CIV-14-1102 LAM**

**CAROLYN W. COLVIN, Acting Commissioner**
**of the Social Security Administration,**

    **Defendant.**

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

**THIS MATTER** is before the Court on Plaintiff's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support (Doc. 35)*, filed June 2, 2016. The Commissioner filed a response in opposition to the motion on June 16, 2016 [*Doc. 36*], and Plaintiff filed a reply on July 12, 2016 [*Doc. 39*] and an amended reply on July 13, 2016 [*Doc. 40*]. In his motion, Plaintiff asks the Court for an award of attorney fees in the amount of **$7,134.50** as authorized by the Equal Access to Justice Act (hereinafter "EAJA") at 28 U.S.C. § 2412(d). [*Doc. 35*]. The Commissioner opposes the motion because she asserts that her position in this case was substantially justified. [*Doc. 36*]. Having considered the motion, response, replies, the record in this case, and relevant law, the Court **FINDS** that Plaintiff's motion is well-taken and shall be **GRANTED**.

EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) there are no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v.*

*Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).   The Commissioner bears the burden of showing that her position was substantially justified.   *See Hackett*, 475 F.3d at 1172.   "The test for substantial justification in this circuit is one of reasonableness in law and fact."   *Id.* (*quoting Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)).   The Commissioner must show that her position was "justified to a degree that could satisfy a reasonable person."   *Hackett*, 475 F.3d at 1172 (*quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).   A court's remand order does not mean, *ipso facto*, that the Commissioner's position was not substantially justified; that is, her "position can be justified even though it is not correct . . . if it has a reasonable basis in law or fact."   *Hackett*, 475 F.3d at 1172 (*quoting Pierce*, 487 U.S. at 566, n.2).   However, even when the Commissioner prevails on most issues before the district court, the Court can still find that the Commissioner "acted unreasonably in denying benefits at the administrative level."   *Hackett*, 475 F.3d at 1174, n.1.

   In this case, this Court entered a ***Memorandum Opinion and Order*** [*Doc. 33*], which granted Plaintiff's motion to reverse or remand the administrative agency decision, and remanded this case to the Commissioner for "proper consideration of medical evidence regarding the effect of Plaintiff's limitations on his ability to retain competitive employment."   [*Doc. 33* at 17].   The Commissioner argues that her position in this case was substantially justified because it was reasonable for her to contend that the ALJ's narrative discussion of the opinions of Dr. Wynne and Dr. Mohney was sufficient (*Doc. 36* at 3-4), and because the ALJ was justified in relying on Plaintiff's hearing testimony regarding his remission from opiates (*id.* at 4-5).   The Commissioner also contends that the ALJ did not err in his consideration of the limitations found by Dr. Mohney in part I of the Mental Residual Functional Capacity Assessment because the ALJ's RFC finding was consistent with Dr. Mohney's part III findings, and because this approach

is supported by two Tenth Circuit opinions.   *Id.* at 5 and 8.   The Commissioner also contends that the ALJ sufficiently described Plaintiff's mental RFC (*id.* at 6), and that the ALJ was justified in relying on Plaintiff's daily activities to discount opinion evidence (*id.* at 6-7).   Finally, the Commissioner contends that any error by the ALJ was harmless because, "even if Dr. Wynne's opinion had been adopted in its entirety, Plaintiff's additional social limitations would have been accommodated by the jobs the ALJ relied upon."   *Id.* at 7.

First, the Court finds that it was not reasonable for the Commissioner to contend that the ALJ's narrative discussion of the opinions of Dr. Wynne and Dr. Mohney was sufficient.   As explained in the Memorandum Opinion and Order, the ALJ failed to discuss the limitations indicated by both of these medical sources, such as: working in coordination with or proximity to others without being distracted by them; completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods; accepting instructions and responding appropriately to criticism from supervisors; being aware of normal hazards and taking appropriate precautions; and responding appropriately to changes in the work setting.   *See* [*Doc. 33* at 13-14] (citing *Groberg v. Astrue*, 505 Fed. App'x 763, 770 (10th Cir. 2012) (unpublished) ("[a] limitation to 'simple work' or 'unskilled jobs' is generally insufficient to address a claimant's mental impairments")).   The Court, therefore, finds that the Commissioner's position was not substantially justified as to this contention.

The Court next rejects the Commissioner's contention that her position was substantially justified because the ALJ properly relied on Plaintiff's hearing testimony regarding his remission from opiate addition.   As explained in the Memorandum Opinion and Order, the Court found that the ALJ failed to explain properly why he did not rely on the report of Plaintiff's treating

physician, Dr. Bohan, who noted that Plaintiff was still taking Methadone daily for his opiate addition and that Plaintiff's medical and psychiatric conditions had not improved over the past year. *Id.* at 10, n.4. The Court, therefore, finds that the Commissioner's position was not substantially justified in relying on Plaintiff's hearing testimony because the ALJ's findings regarding Plaintiff's opiate addiction were not properly supported by the record of the case.

The Court also finds that the Commissioner's position was not substantially justified as to the ALJ's consideration of the limitations in Dr. Mohney's Mental Residual Functional Capacity ("RFC") Assessment. In the Memorandum Opinion and Order, the Court noted that, in Section I of the RFC Assessment, Dr. Mohney found moderate limitations in ten out of twenty abilities, and a marked limitation in Plaintiff's ability to respond appropriately to changes in the work setting, but that in Section III Dr. Mohney failed to discuss any of these moderate or marked limitations. [*Doc. 33* at 10-11]. The Court noted that Dr. Mohney's assessment thus fails to comply with the requirements set forth in *Carver v. Colvin*, 600 Fed. App'x 616, 619 (10th Cir. 2015) (unpublished), because the narrative statement in Section III does not discuss the limitations found in Section I. *Id.* at 11-12. The Court then found that the ALJ improperly discounted the limitations found by Dr. Mohney based on the ALJ's conclusion that Plaintiff's "daily activities support the conclusion that he is capable of work consistent with [the ALJ's] determination." *Id.* at 12. Here, the Commissioner contends that the ALJ properly relied on the narrative in Section III of the RFC Assessment, and cites to two cases in support of this contention. [*Doc. 36* at 5] (citing *Smith v. Colvin*, 821 F.3d 1264, 1268-69 (10th Cir. 2016) and *Vigil v. Colvin*, 805 F.3d 1199, 1203-04 (10th Cir. 2015)). These cases, however, do not support the Commissioner's position. In *Smith*, the claimant's moderate limitations were incorporated into both Section III of the doctor's RFC assessment *and* the ALJ's RFC determination (*see Smith*,

821 F.3d at 1269); whereas, here, the limitations noted by Dr. Mohney in Section I of the RFC assessment are not incorporated into her Section III assessment, nor are they included in the ALJ's RFC determination.   In *Vigil* the Court found that the ALJ's RFC determination for unskilled work adequately accounted for moderate limitations of concentration, persistence, and pace (*Vigil*, 805 F.3d at 1204); however, in this case, the ALJ failed to account for many more limitations than just concentration, persistence, and pace, rendering the holding in *Vigil* inapplicable.   For these reasons, the Court finds that the Commissioner's position was not substantially justified regarding the ALJ's consideration of Dr. Mohney's opinions.

The Court also rejects the Commissioner's contention that the ALJ sufficiently described Plaintiff's mental RFC (*Doc. 36* at 6), and that the ALJ was justified in relying on Plaintiff's daily activities to discount opinion evidence (*id.* at 6-7).   As stated in the Memorandum Opinion and Order, the ALJ failed to explain how Plaintiffs daily activities render Plaintiff's testimony less than credible, and failed to show how they indicate that Plaintiff's work-related limitations should be given less weight.   *See* [*Doc. 33* at 12].   The Court also found that the ALJ's RFC determination failed to take into account the moderate and marked limitations found by Drs. Wynne and Mohney, such as: working in coordination with or proximity to others without being distracted by them; completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods; accepting instructions and responding appropriately to criticism from supervisors; being aware of normal hazards and taking appropriate precautions; and responding appropriately to changes in the work setting.   *Id.* at 14-16.   The Court also rejects the Commissioner's contention that any error by the ALJ was harmless because, "even if Dr. Wynne's opinion had been adopted in its entirety, Plaintiff's additional social limitations would have been

accommodated by the jobs the ALJ relied upon."   [*Doc. 36* at 7].   Because the Court found that the ALJ erred in his RFC determination, it is not clear that the jobs that Plaintiff was found to be qualified for will remain the same when, on remand, the ALJ properly considers the evidence in the record.   Therefore, the Court finds that the Commissioner's position was not substantially justified as to her harmless error contention.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Plaintiff's ***Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support*** *(Doc. 35)* is **GRANTED**, and that Plaintiff is authorized to receive **$7,134.50** in attorney's fees for payment to Plaintiff's attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that, if Plaintiff's attorney is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's attorney shall refund the smaller award to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 n.4 (2010) (explaining that, if a claimant's attorney is ultimately granted attorney fees under § 406(b) out of the claimant's benefit award, the claimant's attorney must refund to the claimant the amount of the smaller fee).

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**